B. & S. REALTY CORPORATION, Landlord, Respondent, v. JOSEPH WALD, Tenant, Appellant.

(Supreme Court, Appellate Term, First Department, February Term — filed April, 1921.)

Summary proceedings — when tenant not debarred from pleading defense that rent is unreasonable — Laws of 1920, chaps. 944, 945.

While the payment of the first month's rent of premises in the city of New York, several months after the lease was made, constitutes a ratification thereof which prevents the tenant from claiming that he executed the lease under duress, he is not, in a summary proceeding for non-payment of rent, debarred from pleading under the statute (Laws of 1920, chaps. 944, 945) the defense that the rent demanded is unreasonable and oppressive.

By pleading such defense the tenant neither disaffirms his contract nor is he obliged to relinquish the benefits received thereunder, and a failure to claim the right granted to him by the statute, to continue in possession of the premises upon the payment of a reasonable rent, is not waived by his failure to avail himself of such right at the first opportunity.

Appeal by the tenant from an order of the Municipal Court of the city of New York, borough of Manhattan, seventh district, entered in favor of the landlord.

Nelson Ruttenberg, for appellant.

Henry G. Littau, for respondent.

Lehman, J.   The landlord has brought summary proceedings against this tenant for non-payment of rent.   It appears that the tenant signed a written agreement of lease prior to October first for the rental of certain premises which he was then occupying under a lease which expired on the thirtieth day of September.   The tenant paid the first month's rent under the new lease on October first, but interposed as a defense to these proceedings brought on account of the non-payment of the November rental that the rent was unreasonable and oppressive and also alleges that the agreement was obtained under duress.   The trial justice has held that the payment of the first month's rent constituted a ratification of his agreement by the tenant and granted a final order in favor of the landlord on this ground.

There is no doubt but that the payment of the first month's rent several months after the agreement was made, constituted a ratification of the contract which would prevent the tenant from claiming he entered into the agreement under duress.   No ratification of the contract, however, can debar the tenant from interposing the defense that the rent is unreasonable and oppressive.   Under chapters 944 and 945 of the Laws of 1920 the tenant who pleads this defense does not disaffirm his contract nor is he obliged to relinquish the benefits that he has received under the contract, and a failure to claim the right granted to him by the

statute to continue in possession of the demised premises upon payment of a reasonable rent, is not waived by the tenant's failure to use such right at the first opportunity. A failure on the part of the tenant to claim the benefit of the statute on the first of October could not induce the landlord in any way to change his position to his disadvantage, and, therefore, creates no estoppel against the tenant, and though such failure may be considered by court or jury as some evidence that in fact the agreement was not oppressive if the tenant thereafter makes such claim, it is at most an implied admission on the part of the tenant and can be given no greater effect than an admission made in any other way.

Final order should, therefore, be reversed and a new trial granted, with thirty dollars costs to appellant to abide the event.

Final order reversed and new trial granted, with thirty dollars costs to appellant to abide event.